IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANNETTE CRAWLEY,<br><br>      **Plaintiff,**<br><br>      v.<br><br>SEAN ERIC GASAWAY, SR., et al.,<br><br>      **Defendants.** | Case No. 24-2021-JAR-ADM |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Annette Crawley's Motion To Review Magistrate Judges [sic] Orders and Proceed with this Case (Doc. 8). Plaintiff filed this pro se action against several Defendants, alleging claims arising out of her parental rights that were the subject of a state court action. Plaintiff applied to proceed in forma pauperis ("IFP") on January 16, 2024, and on January 23, 2024, presiding Magistrate Judge Angel D. Mitchell granted the motion.[1] Judge Mitchell also denied Plaintiff's motion for appointment of counsel.[2] As explained more fully below, Plaintiff's motion to review these decisions is denied.

**I.      Standard**

Plaintiff seeks review of two Orders: (1) Judge Mitchell's January 23, 2024 Order granting Plaintiff's motion to proceed IFP under 28 U.S.C. § 1915; and (2) Judge Mitchell's January 24, 2024 Order denying Plaintiff's motion for appointment of counsel. Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order or recommendation. With respect to a magistrate judge's order relating to nondispositive pretrial

---

[1] Doc. 6.

[2] Doc. 7.

matters, such as the orders at issue in this case, the district court does not conduct a de novo review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[3] "The clearly erroneous standard 'requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[4] "A magistrate judge's order is contrary to law if it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'"[5]

## II.     IFP Order

Plaintiff first moves to review Judge Mitchell's decision in the January 23 Order to hold off on directing service by the United States Marshal's Service ("USMS") until after she screens the Complaint. Under 28 U.S.C. § 1915(e)(2), which governs cases that proceed IFP like this one, the Court must dismiss the case if at any time it determines that:

> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[6]

---

[3] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

[4] *U.S. Fire Ins. Co. v. Bunge N.A.*, 244 F.R.D. 638, 641 (D. Kan. 2007) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

[5] *Farr v. Davis*, No. 16-2180, 2017 WL 11504211, at *2 (D. Kan. Aug. 31, 2017) (quoting *Walker v. Bd. of Cnty. Comm'rs*, No. 09-1316, 2011 WL 2790203, at *2 (D. Kan. July 13, 2011)).

[6] 28 U.S.C. § 1915(e)(2)(B).

Judge Mitchell explained in her January 23 Order that she was granting Plaintiff's motion to waive the filing fee, but would not direct service of process on Defendants until she completed her screening under § 1915(e)(2).[7]

Plaintiff asks the Court to grant her permission to pay the filing fee, and to direct the USMS to issue summons promptly. Plaintiff also asserts that she did not consent to a magistrate judge's review of her Complaint. The Court has reviewed Judge Mitchell's Order and finds no clear error or manifest injustice. Plaintiff received the relief she sought in her motion to proceed IFP—the filing fee was waived. Therefore, she need not pay a filing fee.

Nonetheless, before the case can proceed, the Court must complete its screening process. Under 28 U.S.C. § 1915(e)(2), the Court *must* dismiss a Complaint brought IFP if it does not pass muster under one of those subsections. This includes failure to state a claim upon which relief may be granted. The Court has not yet completed the screening process required by the statute. The Court is not required to order service by the USMS before it makes this determination.

Moreover, Plaintiff need not consent to a magistrate judge's review of the case because Judge Mitchell's decisions thus far are nondispositive.[8] If Judge Mitchell screens the Complaint and finds that dismissal is warranted, such dispositive findings must be filed as a Report and Recommendation.[9] Plaintiff must be given a period of time to object, and the undersigned must review any objections before deciding whether to adopt the Report and Recommendation as its own decision.[10] Judge Mitchell did not err by issuing her nondispositive decisions in this matter

---

[7] Doc. 6 at 1.

[8] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

[9] 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

[10] Fed. R. Civ. P. 72(b)(2)–(3).

without Plaintiff's consent.  Nor did she err by not directing service of process until after the Court completes its statutory screening for merit under § 1915(e)(2).[11]

### III. Appointment of Counsel Order

The Court also finds no error in Judge Mitchell's January 24 Order denying Plaintiff's motion for appointment of counsel.  Judge Mitchell stated the well-settled rule that there is generally no constitutional right to appointed counsel in civil cases,[12] and considered the factors relevant deciding whether to the appoint counsel to an indigent party.[13]  Judge Mitchell considered these factors in a well-reasoned decision and explained that Plaintiff may renew her motion at a later time if her claims survive summary judgment and proceed to trial.  Under the deferential standard that applies to the Court's review of this Order, the Court finds no error.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Annette Crawley's Motion To Review Magistrate Judges [sic] Orders and Proceed with this Case (Doc. 8) is **denied**.

**IT IS SO ORDERED.**

Dated: February 13, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[11] Plaintiff may determine whether she wishes to amend and pay the filing fee after the screening process is complete.  Plaintiff is directed to carefully review Fed. R. Civ. P. 4(c).  Under that rule, the Court is not required to order that service be made by the USMS unless Plaintiff proceeds IFP.

[12] *See, e.g.*, *Dunne v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curium).

[13] *See, e.g.*, *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted).