IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANNETTE CRAWLEY, as mother and natural parent of minor S.G., and minor M.B.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SEAN ERIC GASAWAY, SR., et al.,**<br><br>**Defendants.** | **Case No. 2:24-CV-2021-JAR-ADM** |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Annette Crawley, as the natural parent of minors S.G. and M.B., brings this action *pro se* and *in forma pauperis* against Defendants Sean Eric Gasaway, Sr., Alisha Diane O'Hara, Sherill Paige Roberts, and Robert E.J. Gordon. Plaintiff alleges that Defendants interfered with her parental rights by removing minor S.G. from her custody, and asserts various federal causes of action. Presiding Magistrate Judge Angel D. Mitchell screened the Complaint under 28 U.S.C. § 1915(e)(2)(B). In a detailed Report and Recommendation ("R&R"), Judge Mitchell explained why this Court lacks personal jurisdiction over Defendants, and why venue is inappropriate in the District of Kansas.[1] However, in the interests of justice, Judge Mitchell recommended the transfer of this case to the Western District of Missouri. Before the Court is Plaintiff's Objection to the Report and Recommendation (Doc. 14). As described below, the Court overrules and denies Plaintiff's objection, adopts the Report and Recommendation, and orders the Clerk to transfer this action to the United States District Court for the Western District of Missouri.

---

[1] Doc. 12.

**I.     Legal Standard**

Under 28 U.S.C. § 636(b)(1), when a party files objections to a magistrate judge's report and recommendation:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.[2]

The Tenth Circuit requires that objections to a magistrate judge's recommended disposition "be both timely and specific to preserve an issue for de novo review by the district court."[3]  If a party fails to make a proper objection, the court has considerable discretion to review the recommendation under any standard that it finds appropriate.[4]

Because Plaintiff proceeds *pro se*, the Court construes her pleadings liberally.[5]  However, the Court does not assume the role of advocate.[6]  Also, Plaintiff's *pro se* status does not excuse her from "the burden of alleging sufficient facts on which a recognized legal claim could be based."[7]  Plaintiff is not relieved from complying with the rules of the court or facing the consequences of noncompliance.[8]

---

[2] 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

[3] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[4] *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted).

[5] *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (citing *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)).

[6] *See id.*

[7] *See id.* (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[8] *See id.* (citing *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994)); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted).

**II.     Background**

Plaintiff filed a Complaint in this Court on January 16, 2024.  Plaintiff asserts that Defendants illegally removed her minor child, S.G., from her custody.  Defendant Gasaway is S.G.'s father, and Defendants O'Hara, Roberts, and Gordon were all involved with the Missouri state court decision granting Gasaway custody.  In her Complaint, Plaintiff details numerous alleged errors with the Missouri state court's ruling, including lack of jurisdiction, lack of notice, bias, prejudice, and deceit.

On January 16, 2024, Plaintiff moved for leave to proceed *in forma pauperis*, which Judge Mitchell granted expeditiously.  However, Judge Mitchell directed the U.S. Marshals Service to withhold service on Defendants pending screening of the Complaint under 28 U.S.C. § 1915(e)(2)(B).[9]  After screening, Judge Mitchell issued the instant R&R.[10]  In the R&R, Judge Mitchell noted that it is apparent from the face of the Complaint that Defendants are not subject to personal jurisdiction in Kansas.  Judge Mitchell also explained that venue is inappropriate in the District of Kansas because almost all relevant events in the Complaint took place in Missouri.[11]  Despite these defects, Judge Mitchell does not recommend dismissal because,

> if the court were to dismiss this action instead of transfer it, it is possible that some of [Plaintiff's] claim would be time-barred. And, while the court has doubts as to the merits of some of Crawley's claims against Defendants, the court cannot say at this point in the proceedings that all of Crawley's claims are meritless.[12]

---

[9] *See* Doc. 6 at 1.

[10] Doc. 12.

[11] Judge Mitchell noted that, at most, two relevant events occurred in Kansas: (1) Gasaway coming to Plaintiff's residence, in Kansas, to take minor S.G.; and (2) a process server's attempt to serve Plaintiff at Plaintiff's babysitter's house, in Kansas.

[12] Doc. 12 at 6.

3

Judge Mitchell also stated that she "believes that Crawley filed suit in the District of Kansas thinking it was the proper court."[13]  Thus, Judge Mitchell recommends transfer to the Western District of Missouri to cure the defects in venue and personal jurisdiction.

### III.    Discussion

Plaintiff has preserved the issues of personal jurisdiction and venue for *de novo* review by presenting specific objections to Judge Mitchell's R&R.[14]  In her objection, Plaintiff asserts that transfer would be inappropriate because Defendants have sufficient ties to the state of Kansas for this Court to exercise personal jurisdiction.  Plaintiff further argues that Kansas is the most convenient forum because she and her minor child live in Kansas.  Plaintiff objects to transfer to the Western District of Missouri because she contends that she will be unable to seek justice in the same courts that violated her rights in the events underlying this action.  Plaintiff also notes that Defendants have the option of consenting to personal jurisdiction in this Court, and asserts that the Court should not make Defendants' arguments for them.

The Court adopts Judge Mitchell's R&R in full, because it is apparent from the face of the Complaint that the Court does not have personal jurisdiction over Defendants, and that venue does not lie in the District of Kansas.  Even upon *de novo* review, Plaintiff fails to correct the issues noted by Judge Mitchell in her R&R.  Namely, Plaintiff does not offer any allegations of actions Defendants took in this state which could suffice to establish specific personal jurisdiction.  Plaintiff also fails to allege any actions taking place in the District of Kansas which could establish venue in this Court.  Plaintiff's assertions about the prejudice and discrimination

---

[13] *Id.*

[14] *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act . . . .").

she faced in the Missouri state court system, even if true, do not demonstrate that she will face bias in the federal district court for the Western District of Missouri.  In sum, the Court finds no error in Judge Mitchell's recommendation of transfer to the Western District of Missouri, and adopts the Report and Recommendation as its own.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Objection to the Report and Recommendation (Doc. 14) is **overruled and denied**.

**IT IS FURTHER ORDERED BY THE COURT** that the Court adopts as its own Magistrate Judge Angel D. Mitchell's May 1, 2024 Report and Recommendation (Doc. 12).  In accordance with that Report and Recommendation, this case is hereby **transferred** to the United States District Court for the Western District of Missouri.  The Clerk shall send a copy of this Order to Plaintiff by regular and certified mail.

**IT IS SO ORDERED.**

Dated: July 2, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE